FILED
10-10-2018
John Barrett
Clerk of Circuit Court
2018CV008399
Honorable Mary Triggiano-13
Branch 13

STATE OF WISCONSIN  CIRCUIT COURT  MILWAUKEE COUNTY

SHAREEF ABDOU
19241 Wells Drive
Tarzana, CA  91356,

       Plaintiff,

                             CASE NO.:
                             CODE NO.:  30303

Vs.

BRIAN MAHANY
8112 W. Bluemound Road
Wauwatosa, WI  53213

JOSEPH BIRD
920 E. Lincoln
Birmingham, MI  48009

MAHANY & ERTL, LLC
1437 N. Prospect Avenue
Suite 200
Milwaukee, WI  53402,

       Defendants.

## SUMMONS

**THE STATE OF WISCONSIN** to the Defendants named above:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer

EXHIBIT 1

that does not follow the requirement of the statutes.  The Answer must be sent or delivered to the Clerk of Court, Milwaukee County Courthouse, whose address is 901 N. 9th Street, Milwaukee, WI  53233, and to **ROBERT L. ELLIOTT**, Attorney at Law, Plaintiffs' attorney, whose address is 735 North Water Street, Suite 1212, Milwaukee, WI 53202.  You may have an attorney help or represent you.

If you do not provide a proper Answer within 45 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint.  A judgment may be enforced as provided by law.  A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, WI this 10th day of October, 2018.

*Electronically signed by Robert L. Elliott*
ROBERT L. ELLIOTT,        SBW#:  1013862
Attorney for Plaintiffs

P.O. ADDRESS:
735 N. Water Street, #1212
Milwaukee, WI  53202
(414)225-9000
rle@attorneyelliott.com

FILED
10-10-2018
John Barrett
Clerk of Circuit Court
2018CV008399
Honorable Mary Triggiano-13
Branch 13

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

---

SHAREEF ABDOU
19241 Wells Drive
Tarzana, CA  91356,

        Plaintiff,

                              CASE NO.:
                              CODE NO.: 30303

Vs.

BRIAN MAHANY
8112 W. Bluemound Road
Wauwatosa, WI  53213

JOSEPH BIRD
920 E. Lincoln
Birmingham, MI  48009

MAHANY & ERTL, LLC
1437 N. Prospect Avenue
Suite 200
Milwaukee, WI  53402,

        Defendants.

---

**COMPLAINT**

---

Plaintiff pleads:

1. Plaintiff is an adult individual residing at 19241 Wells Drive, Tarzana, CA  91356 at all times material hereto.

2. Upon information and belief, BRIAN MAHANY is an adult individual at all times material hereto residing at 8112 W. Bluemound Road, Wauwatosa, WI  53213.

- 3 -

3.  Upon information and belief, JOSEPH BIRD is an adult individual at all times material hereto residing at 920 E. Lincoln, Birmingham, MI 48009, and at all times material hereto was an agent and may have been an employee of Mahany & Ertl, LLC..

4.  Upon information and belief, MAHANY & ERTL, LLC is a domestic corporation engaged in the business of the practice of law in the State of Wisconsin and maintaining a principal place of business located at 1437 N. Prospect Avenue, Suite 200, Milwaukee, WI 53402.

5.  Upon information and belief, on or about August 2, 2013 Defendants solicited the Plaintiff in the State of California from Milwaukee, Wisconsin to retain the Defendants to represent the Plaintiff with regard to filing an action under the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREAA) against Countrywide Financial Corporation and its related entities, without revealing to the Plaintiff that the Defendants were not skilled or experienced in filing such a claim.

6.  Upon information and belief, the Plaintiff did enter into a Retainer Agreement with the Defendants dated August 2, 2013, a copy of which is attached hereto as Exhibit 1 and incorporated by reference herein, which was modified by a letter dated October 25, 2013, a copy of which is attached hereto as Exhibit 1 and incorporated by reference herein. (Retainer Agreement)

7.  Upon information and belief, pursuant to such Retainer Agreement the Defendants agreed that any action and the Defendants' performance thereunder would be governed by the laws of the State of Wisconsin and the regulations governing attorneys practicing in

Wisconsin, as promulgated by the Supreme Court of Wisconsin. The Defendants also contracted with the Plaintiff in such Retainer Agreement to follow the multi-jurisdictional rules of practice governing attorneys of the American Bar Association.

8. Upon information and belief, the Defendants collectively were unable to file a FIRREAA cause of action.

9. Upon information and belief, the Defendants contacted the US Attorney for the Southern District of New York to file a False Claims Act (Qui Tam) lawsuit which the United States, through the US Attorney General and the US Attorney for the Southern District of New York did and recovered a settlement from the Defendants in that action, "US *ex rel*. SHAREEF ABDOU vs. COUNTRYWIDE FINANCIAL CORPORATION, et al, BANK OF AMERICA, N.A. et al 14 Civ. 0268 (AKH)". (The Case).

10. Upon information and belief, the United States settled The Case and awarded the Plaintiff, as the Relator a payment of 16% of the recovery of $300,000,000.00, an award to the Plaintiff of $48,000,000.00.

11. Upon information and belief, the commencement, prosecution and settlement of The Case was done virtually exclusively by the US Attorney General and the US Attorney's Office for the Southern District of New York.

12. Upon information and belief, the Defendants collectively did not contribute materially to the commencement or the prosecution or the settlement of The Case.

13. Upon information and belief, during the course of discussions regarding the settlement of The Case between the Defendants and counsel for Bank of America, the Defendants submitted to the Bank of America

proof that the value of their attorneys' fees for their participation in the case was $300,000.00.

14. Upon information and belief, the Defendants took as a fee for their work on The Case from the Plaintiff's $48,000,000.00 award a fee of approximately $15.7 million.

15. Upon information and belief, at no time did Defendants advise the Plaintiff that their taking of the fee of approximately $15.7 million was an ill-gotten gain, an unreasonable or an unconscionable fee.

16. Upon information and belief, Plaintiff did not and could not have discovered until within the last 12 months that the Defendants taking of the fee of approximately $15.7 million was an ill-gotten gain, an unreasonable or an unconscionable fee.

### FIRST CAUSE OF ACTION – DISGORGEMENT

17. The allegations, statements and denials set forth in the Paragraphs above are restated and incorporated by referenced herein as more fully set forth.

18. The $15.7 million fee taken by the Defendants from the Plaintiff's Relator award is an ill-gotten gain by the Defendants requiring them to disgorge the entire fee back to the Plaintiff as a sanction regardless of any damages on the part of the Plaintiff.

### SECOND CAUSE OF ACTION – LEGAL MALPRACTICE

19. The allegations, statements and denials set forth in the Paragraphs above are restated and incorporated by referenced herein as more fully set forth.

20. Upon information and belief, the Retainer Agreement drafted by the Defendants and entered into with the Plaintiff was an agreement

for a charge and collection of an unreasonable, unconscionable fee for the work done and the result achieved by the Defendants' efforts.

21. Upon information and belief, the collection and receipt by the Defendants of the approximate $15.7 million fee was the collection of an unreasonable and unconscionable fee.

22. Upon information and belief, such conduct on the part of the Defendants was negligence and below the standard of care of ordinary practitioners under the same or similar circumstances, which has caused damage to the Plaintiff in excess of what would have been reasonable, conscionable fees for the work done by the Defendants for the Plaintiff under the Retainer Agreement.

### THIRD CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY

23. The allegations, statements and denials set forth in the Paragraphs above are restated and incorporated by referenced herein as more fully set forth.

24. Upon information and belief, as the Plaintiff's lawyer, Defendants each owed the Plaintiff a duty of good faith and fair dealing.

25. Upon information and belief, the Defendants contracting for and collecting an unreasonable and unconscionable fee from the Plaintiff's award as the Relator in The Case, constitutes a breach of the Defendants' duty of good faith and fair dealing to the Plaintiff, which has caused the Plaintiff damage in excess of what would have been reasonable, conscionable fees for the work done by the Defendants for the Plaintiff under the Retainer Agreement.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants, jointly and severally:

1.  Under the First Cause of Action, for complete disgorgement to the Plaintiff of the entire $15.7 fee together with taxable costs and disbursements;

2.  Under the Second Cause of Action, for Plaintiff's compensatory damages together with taxable costs and disbursements;

3.  Under the Third Cause of Action, for Plaintiff's compensatory damages together with taxable costs and disbursements.

Plaintiff demands a jury of 12 persons.

Dated this 10th day of October, 2018.

> *Electronically signed by Robert L. Elliott*
> ROBERT L. ELLIOTT,          SBW#: 1013862
> Attorney for Plaintiffs

ADDRESS:
Attorney at Law
735 N. Water Street
Suite 1212
Milwaukee, WI  53202
(414) 225-9000

- 8 -