# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAREEF ABDOU,

          Plaintiff,

v.

BRIAN MAHANY, JOSEPH BIRD, and MAHANY & ERTL, LLC,

          Defendants.

Case No. 18-CV-1780-JPS

**ORDER**

On November 9, 2018, this case was removed from Wisconsin state court on the basis of federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446. (Docket #1). Plaintiff brings claims under Wisconsin state law for legal malpractice and breach of fiduciary duty that arose during a case brought under the federal False Claims Act, 31 U.S.C. § 3730(d)(1). *Id.* On December 10, 2018, Defendants Brian Mahany ("Mahany") and Mahany & Ertl, LLC ("M&E") moved to transfer the case to the Southern District of New York. (Docket #15). Defendant Joseph Bird ("Bird") filed a notice of concurrence to the motion to change venue on December 20, 2018. (Docket #20). On January 16, 2018, Plaintiff's attorney filed a motion to withdraw in light of his imminent retirement, and requested to stay the case for sixty days in order to allow Plaintiff to find new counsel. (Docket #24 and #25). Both motions are now fully briefed and, for the reasons stated below, will be granted.[1]

---

[1] The Court pauses here to discuss jurisdiction. Plaintiff's state law claims for legal malpractice and breach of fiduciary duty do not "arise under" federal law. *Gunn v. Minton*, 568 U.S. 251, 258–59, 261 (2013) (holding that a case-within-a-case, such as a legal malpractice claim arising from a federal action, will rarely give rise to federal jurisdiction because "[a]lthough such cases may necessarily raise disputed questions of [federal] law, those cases are by their nature unlikely

Federal venue is appropriate either in the judicial district where "any defendant resides, if all defendants are residents of the State in which the district is located," or in the district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties

---

to have the sort of significance for the federal system necessary to establish jurisdiction" due to their "backward looking" nature.).

However, the Court has diversity jurisdiction because the legal fees in question are over $75,000.00 and the parties are from different states. 28 U.S.C. § 1332(a). Diversity jurisdiction exists despite the fact that M&E is a Wisconsin citizen. There is a circuit split as to whether the forum defendant rule, 28 U.S.C. § 1441(b)(1), which prohibits removal if any defendant is a citizen of the forum state, is a procedural rule that can be waived or a jurisdictional defect. *Woodward v. D.H. Overmyer*, 428 F.2d 880, 882 (2d Cir. 1970) *cert. denied*, 400 U.S. 993 (1971) (holding that forum defendant rule is procedural, not substantive, and a plaintiff's failure to timely remand waives the right to remand); *Hotvedt v. Schlumberger Ltd.*, 942 F.2d 294, 296 n.1 (5th Cir. 1991) (finding that "plaintiffs waived their right to object to the in-state defendant's removal of this action."); *c.f. Medlin v. Boeing Verton Co.*, 620 F.2d 957, 963–64 (3d Cir. 1995) (applying Section 1441(b) as a jurisdictional rule); *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (holding that a violation of the forum defendant rule is a jurisdictional defect). The Seventh Circuit has held that Section 1441(b)(1) is a procedural rule that a plaintiff waives if they do not remand within thirty days of removal. *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). Therefore, although M&E is a Wisconsin citizen and a defendant of the forum state, the Court has jurisdiction because Plaintiff failed to timely remand.

Defendants also argue that the Southern District of New York has ancillary jurisdiction to hear the fee dispute. *See United States v. Cooper Health Sys.*, 940 F. Supp. 2d 208, 212 (D.N.J. 2013). The Second Circuit frames this inquiry as one within the discretion of the district court. *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64 (2d Cir. 1991) (holding that "the decision to hear an ancillary claim is discretionary."); *Cluett, Peabody & Co. Inc. v. CPC Acquisition Co. Inc.*, 863 F.2d 251, 256 (2d Cir. 1988) (discussing "discretionary factors" that courts weigh when determining whether to exercise ancillary jurisdiction over a fee dispute). This Court will not disturb the discretion of the Southern District of New York, but nevertheless finds jurisdiction and transfer appropriate on other grounds.

have consented." 28 U.S.C. § 1404(a). A district court may exercise discretion in transferring an action to another venue. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Courts evaluating whether to transfer an action pursuant to Section 1404(a) consider the private interests of the parties as well as the public interest. *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018) (citations and quotations omitted). Private interest factors include the parties' ease of access to evidence, the availability of witnesses, and various other administrative and logistical details involved in litigation. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)). Public interest factors include the local interest of the controversy, the law applied to the case, and the relative fairness of "burdening citizens in an unrelated forum with jury duty." *Id.* A plaintiff's choice in venue, while ordinarily afforded weight, will give way if the private and public interest factors clearly show that another forum is more appropriate. *Id.* at 255.

This case deals with Plaintiff's claim that the legal fees for an underlying action—which amounted to approximately one-third of Plaintiff's total award—were unreasonable, unconscionable, or ill-gotten. (Docket #1-1 at 6). The underlying case was a *qui tam* action under the False Claims Act ("FCA") and the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), which was ultimately settled by the United States Attorney's Office for the Southern District of New York. (Docket #16 at 2). Plaintiff received approximately $48 million in settlement, resulting in fees for his former attorneys of approximately $15.7 million. He now brings suit to try to regain that fee.

Plaintiff argues that the Eastern District of Wisconsin is the appropriate venue because M&E, the original law firm, identified Milwaukee as its lead office. Additionally, the retainer agreement that

Plaintiff signed with Defendants was governed by Wisconsin state law.[2] Plaintiff also argues that his selection of Wisconsin should be afforded substantial weight, and it is not particularly inconvenient for the parties to litigate in Wisconsin.

Defendants argue that venue is most appropriate in the Southern District of New York because most of the FCA and FIRREA cases in the underlying *qui tam* action were tried there, it was that forum that allowed many of the fee awards in the underlying action, and it is no more burdensome for any party to litigate in New York as compared to Wisconsin. Moreover, Defendants argue that the weight afforded to Plaintiff's preference for Wisconsin is diminished by the fact that no parties or witnesses actually live in Wisconsin. Plaintiff lives in California, and the non-entity defendants live in Michigan and Texas. (Defendants inform the Court that M&E no longer exists). Defendants further argue that the chief non-party witnesses, such as the U.S. Attorneys from the Southern District of New York, as well as Defendants' local counsel in the underlying matter, all reside in New York.

In light of these factors, it is abundantly clear that the Southern District of New York is the more appropriate venue for this case. That court will be better suited to evaluate a fee dispute arising from the underlying FCA and FIRREA case, and any relevant witnesses and evidence will be readily available. Indeed, the only reason to retain jurisdiction would be that the parties' original agreement provides for application of Wisconsin

---

[2] Plaintiff's argument that the choice of law clause is "tantamount" to a choice of forum clause is without merit; the two are distinct. *See e.g.*, *Jackson v. Payday Fin. LLC*, 764 F.3d 765, 775 (7th Cir. 2014) (using the law designated by the choice of law clause to determine the validity of a forum selection clause).

law. But there is no reason why this provision would not be equally honored in the Southern District of New York.

Plaintiff's attorney also moves to withdraw in light of his retirement after nearly fifty years of practice, and requests a sixty day stay in order to allow Plaintiff time to obtain replacement counsel. (Docket #24). The Defendants object to the motion to withdraw and stay proceedings to the extent that it affects the motion for change in venue, which it does not. (Docket #26 and #27). Therefore, the Court will grant the motion to withdraw and stay the case for sixty days.

Accordingly,

**IT IS ORDERED** that Defendants' motion to transfer case to the Southern District of New York (Docket #15) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's attorney's motion to withdraw and stay proceedings for sixty days (Docket #24) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the action be and the same is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York for all further proceedings.

The Clerk of the Court is directed to take all appropriate steps to effectuate the transfer of this action to the United States District Court for the Southern District of New York.

Dated at Milwaukee, Wisconsin, this 21st day of February, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge